Garnet STANBURY, Petitioner,

v.

Michael B. MUKASEY,* as Attorney General of the United States, and William Cleary, Acting Field Director, Deportation and Removal, Buffalo District, Bureau of Immigration & Custom Enforcement, United States Department of Homeland Security, Respondents.

No. 05–3316–ag.

United States Court of Appeals, Second Circuit.

March 20, 2008.

Valerie A. Hibbert, Lansdowne, Penn., and George D. Munro, Brooklyn, N.Y., for Petitioner.

Christopher V. Taffe, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Rochester, N.Y., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. BARRINGTON D. PARKER, Circuit Judges, Hon. STEFAN R. UNDERHILL, District Judge.[2]

### SUMMARY ORDER

Petitioner Garnet Stanbury petitions this court for review of the BIA's denial of his application to adjust his status, *see* 8 U.S.C. § 1255, to that of a permanent resident. On February 13, 2003, Immigration Judge ("IJ") Montante determined that Stanbury did not merit a favorable exercise of discretion and, on that basis, denied Stanbury's application. A single Board Member of the BIA affirmed the IJ's decision without opinion. *In re Anthony Morris*, No. A73 462 885 (B.I.A. April 27, 2004), *aff'g*, No. A73 462 885 (Immig. Ct. Buffalo Feb. 13, 2003).[3] We assume the

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General John Ashcroft as the respondent in this case.

2. The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

3. Garnet Stanbury has also been known as Anthony Morris.

parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Stanbury raises two sets of questions: He argues that the IJ made errors in the determination that Stanbury did not merit adjustment of status, and he challenges, in various ways, the summary affirmance without opinion made, under the BIA's streamlined procedure, by a single member of the BIA. *See* 8 C.F.R. § 1003.1(e)(4).

Where the BIA has affirmed the IJ's decision without an opinion, we review the IJ's decision directly as the final agency determination. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). But, in the absence of a constitutional claim or question of law, *see* 8 U.S.C. § 1252(a)(2)(D), we do not have jurisdiction to review an IJ's discretionary decision as to adjustment of status. *See* 8 U.S.C. § 1252(a)(2)(B). While petitioner points to some parts of the IJ's decision which might perhaps have been erroneous, it is clear that the IJ's decision was based on an evaluation of those factors which were entirely in his discretion to consider. Accordingly, we have no jurisdiction to review the IJ's determination.

The challenges that Stanbury makes to the BIA's affirmance without opinion have been previously rejected by this Court. We have upheld the BIA's streamlining regulations in the face of constitutional challenges, *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 156–59 (2d Cir. 2004) (per curiam) (holding, in line with seven other Circuits, that streamlining does not violate due process); *see also Ibragimov v. Gonzales,* 476 F.3d 125, 139 (2d Cir.2007). Stanbury raises no arguments that would cause us to revisit our previous holdings. We have, in addition,

found that we lack jurisdiction to review a claim, such as that made here by Stanbury, that a single Board member erred in deciding his case without referring it to a three-member panel. *Kambolli v. Gonzales,* 449 F.3d 454, 464–65 (2d Cir.2006) (per curiam). And although we note that it is an open question in our Circuit whether we have jurisdiction to review the decision of a single member of the BIA to affirm without opinion, rather than with a short statement of reasons, *id.* at 461 n. 11, that question is not adequately presented to us by petitioner. We therefore do not consider it. *See Tolbert v. Queens Coll.,* 242 F.3d 58, 75 (2d Cir.2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation and internal quotation marks omitted)).

For the foregoing reasons, the petition is DISMISSED in part and DENIED in part.